UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                   Case No. 20-18361-BKC-MAM

MELANIE HOLLINGSWORTH CABOT,          Chapter 13

    Debtor.

_____/

## NOTICE OF TAKING RULE 2004 EXAMINATION *DUCES TECUM*

### *(Documents in Lieu of Appearance)*

Creditors, Susan Bach, Bob Murphy and Infosage Corporation (collectively, the "Creditors"), by counsel, will examine **American Express Company** under oath on **March 5, 2021 at 4:00 p.m.** at **Leiderman Shelomith Alexander + Somodevilla, PLLC, 2699 Stirling Road, Suite C401, Ft. Lauderdale, Florida 33312.  (Please Note: There will be no oral examination.  The examinee is instructed to produce documents in lieu of an appearance).**  If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time, without the necessity of the filing of an objection.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1.  The scope of the examination shall be as described in Bankruptcy Rule 2004.  Pursuant to Local Rule 2004-1, no order shall be necessary.

**The examinee is instructed to produce all documents on the attached Schedule "A" on or before <u>March 5, 2021 at 4:00 p.m.</u> The examinee is instructed to contact Zach B. Shelomith, Esq. at ZBS@LSASLAW.COM for instructions on submitting the above-referenced documents.**

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing was served on January 30, 2021 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference) and via U.S. Mail to Melanie Hollingsworth Cabot, 100 Worth Ave # 120, Palm Beach, FL 33480; and will further be served via process server to American Express Company, c/o C T Corporation System, as Registered Agent, 1200 S Pine Island Rd, Plantation, FL 33324.

             LEIDERMAN SHELOMITH
             ALEXANDER + SOMODEVILLA, PLLC
             Attorneys for the Creditors
             2699 Stirling Road, Suite C401
             Ft. Lauderdale, Florida 33312
             Telephone: (954) 920-5355
             Facsimile: (954) 920-5371

             By:_____/s/_____
              ZACH B. SHELOMITH
              Florida Bar No. 0122548
              zbs@lsaslaw.com

## SCHEDULE "A"

## GENERAL INSTRUCTIONS AND DEFINITIONS

1.      All documents requested to be produced shall be made available for inspection and copying at the offices of undersigned counsel on or before the date indicated on the notice, as set forth above.  This is a continuing request and you are under a duty to seasonally produce additional documents or answers responsive to any request upon later discovering information or acquiring documents not originally produced.  If you know that the response, though correct when made, is no longer true, then the failure to amend the response is in substance a knowing concealment.

2.      **As used herein the terms "you", "your", or "yourself" refer to American Express Company.**  Those terms further specifically include all employees, agents, representatives, or any other person acting or purporting to act on American Express Company's behalf either at the time of the events in question or at the present, unless the context of the request makes it clear that only American Express Company is connoted.

3.      As used herein the terms "person(s)", "individual(s)", and "entity(ies)" mean any natural individual in any capacity whatsoever or any body or organization, including divisions, departments, and other units thereof, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.      As used herein the term "describe" means to specify completely and accurately the subject matter upon which inquiry is made using factual statements.

5.      As used herein the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum [including any memorandum or report of a meeting or conversation], invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, CD-ROM, disk, diskette, or any other written, recorded, transcribed, punched, taped, filmed, computerized, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control.

6.      As used herein the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

7.      Any or all documents or communications identified herein that are no longer in your possession, custody, or control because of destruction, loss, or any other reason, should be identified as follows:
    a. Describe the nature of the document or communication [e.g., whether it is/was a letter, memorandum, etc.];

_____
Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

b. State the date of the document or communication;

c. Identify the persons who sent and received, respectively, the original and each copy of the document or communication;

d. State in as much detail as possible the contents of the document or communication; and

e. State the manner and date of disposition of the document or communication.

8. If you contend that you are entitled to withhold from production any or all documents or communications identified herein on the basis of the attorney-client privilege, the work product doctrine, or any other ground, identify the document(s) or communication(s) as follows:

a. Describe the nature of the document [e.g., whether it is/was a letter, memorandum, etc.];

b. State the date of the document;

c. Identify the persons who sent and received the original and each copy of the document;

d. State the subject matter of the document; and

e. State the basis upon which you contend you are entitled to withhold the document from production.

9. As used herein, the word "or" appearing in a request should not be read so as to eliminate any part of the request, but, whenever applicable, it should have the same meaning as the word "and."

10. **If you do not have any documents responsive to a particular request, please indicate that.**

## DOCUMENTS REQUESTED

1. All credit card or account statements relating to any account(s) held by Melanie Hollingsworth Cabot, a/k/a Melanie Cabot, or for which she is an authorized user, whether such account(s) are held solely in one name or jointly with additional name(s), for the time period from July 1, 2016 to present, including without limitation, the account ending in # 8703.

Please Note: The last known current address for Melanie Hollingsworth Cabot is 100 Worth Ave  # 120, Palm Beach, FL 33480 and the last known prior address for Melanie Hollingsworth Cabot is 550 Okeechobee Blvd # 612, West Palm Beach, FL 33401.

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale